```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

GEORGE D. MURPHY, JR.,  
       NO. 1:04-CV-00488  
    Plaintiff,

       **OPINION ORDER**

  v.

KENNETH P. HICKS, et. al.,

    Defendants.

This matter is before the Court on the Motion of Defendant Kenneth P. Hicks for Summary Judgment (doc. 18) which was subsequently Amended (doc. 19), the Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment and Defendants' Amended Motion for Summary Judgment (doc. 20), as well as the Reply Memorandum of Defendants Kenneth P. Hicks and Kenneth P. Hicks, LC to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (doc. 23).

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter arises from an attorney-client relationship between Plaintiff George D. Murphy, Jr. and Defendants Kenneth P. Hicks and Kenneth P. Hicks, LC where Mr. Hicks was hired by Plaintiff to represent him to, according to Defendants, obtain certain workers' compensation benefits (doc. 19). However, Plaintiff avers that Mr. Hicks was hired to represent him in all aspects to obtain workers' compensation benefits in an Ohio Bureau of Workers' Compensation claim number 00-397398 (doc. 20).

Defendants contend that the employment contract between Plaintiff and Mr. Hicks provided that Mr. Hicks would represent Plaintiff in matters of temporary total disability, permanent total disability, and death benefits (doc. 19).

Plaintiff maintains that this contention of Defendants is false (doc. 20). Plaintiff notes that the Ohio Workers' Compensation Employment Contract entered into between Plaintiff and Mr. Hicks states: "[it is] agreed between the parties to the contract that the attorney is to furnish all legal services in presenting the case" (Id.). Furthermore, Plaintiff, citing the employment contract, notes that it at no point limits the Defendants' representation of Plaintiff to certain matters, but rather limits only the fees that may be charged by the Defendants (Id.).

Ultimately, a legal malpractice claim arose out of Defendants' representation of Murphy in his workers' compensation claim (doc. 1). Plaintiff alleged that Defendants failed to file a Violation of a Specific Safety Requirement ("VSSR") with the Industrial Commission of Ohio (Id.). Defendants note that Mr. Hicks has been representing workers' compensation clients since 1988, and in Ohio, since 2001 and that he routinely discusses any and all potential remedies with clients, including a VSSR (doc. 20).

On August 20, 2004 Defendants filed a motion to

dismiss Murphy's complaint and, alternatively, to transfer venue of the action, pursuant to 28 U.S.C. § 1404, from the Western to the Eastern Division of the Southern District of Ohio (doc. 5). On September 13, 2004, Plaintiff filed a response to Defendants' motions to dismiss and transfer venue (doc. 8). On November 17, 2004 this Court denied Defendants' Motion to Dismiss and, Alternatively, to Transfer Venue (doc. 12). Defendants then filed their Motion currently before the Court.

**APPLICABLE LAW**

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. Id. at 321; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Guarino, 980 F.2d at 405.

As the Supreme Court stated in Celotex, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, "'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.'" Guarino, 980 F.2d at 405 (quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate. Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**DISCUSSION**

Defendants move this Court to grant their Motion for Summary Judgment because they contend no genuine issues of material

-4-

fact exist regarding Mr. Hicks' duty to the Plaintiff and his satisfaction of that duty (doc. 19). First, Defendants maintain that the determination of Mr. Hicks' duty to Plaintiff is a question of law for the Court to decide, as a written contract exists between Plaintiff and Defendants and interpretation of this employment agreement and its contents are unambiguous (Id.). Second, Defendants aver that the employment contract defined and limited the scope of Mr. Hicks' representation to matters of temporary total disability, permanent total disability, and death benefits and did not include the filing of a VSSR claim (Id.). Third, even if the agreement did not limit Mr. Hicks' scope of representation, Defendants contend that Mr. Hicks' routinely advised clients on all potential claims, including VSSR claims (Id.). Lastly, Defendants note that according to their expert, Mr. Hicks met the standard of care so long as he advised Plaintiff of his potential VSSR claim and a failure on Plaintiff's part to rebut this expert testimony should result in judgment as a matter of law (Id.).

To establish legal malpractice, under Ohio law, a plaintiff must establish the following:

> 1. That the attorney owed a duty or obligation to the plaintiff,
>
> 2. That there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and
>
> 3. That there is a causal connection between

> the conduct complained of and the resulting damage or loss.

Vahila v. Hall, 674 N.E.2d 1164, 1169 (Ohio 1997).  Defendants note that issues of contract and contract interpretation are questions of law and request that this Court make such a legal determination (doc. 20 citing Nationwide Mutual Fire Ins. Co. v. Guman Bros. Farm, 652 N.E.2d 684, 686 (Ohio 1995).  Quoting Shifrin v. Forest City Enter., Inc., 597 N.E.2d 499 (Ohio 1992), the Defendants note, "courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties" (doc. 19 citing Shifrin at 501).  Again, Defendants assert that the contract did not specifically mention that Mr. Hicks would assist Plaintiff with his VSSR claim (Id.).  As the contract is, according to Defendants, unambiguous they urge this Court to rule that Mr. Hicks owed no duty to pursue a VSSR claim (Id.).

Additionally, as noted above, Defendants argue that even if the Court were to find the employment contract did not limit Mr. Hicks' scope of representation, Mr. Hicks' testimony is that he routinely advises his Workers' Compensation clients of all potential claims including VSSR (Id.).  Defendants note that Mr. Hicks began practicing in the area of workers' compensation in West Virginia in 1988 and in Ohio in 2001 (Id.).  During this time, avers Mr. Hicks, it has been his habit to advise his clients of potential VSSR claims (Id.).  Defendants argue since Plaintiff does not remember whether Mr. Hicks discussed a VSSR claim, Plaintiff

can not contradict Mr. Hicks' testimony that it is his habit to advise clients of such a claim.

Defendants aptly note that in general expert testimony is required in legal malpractice cases to establish an attorney's breach of his duty. See e.g., Bloom v. Dieckmann, 722 N.E.2d 136 (Ohio App. 1999); Montgomery v. Gooding, Huffman, Kelly & Becker, 163 F. Supp. 2d 831, 835 (N.D. Ohio 2001). Defendants' expert witness opines that so long as Mr. Hicks' advised Plaintiff of his VSSR claim, then Mr. Hicks' legal representation did not drop below an acceptable standard of care (doc. 19). Defendants maintain that if Plaintiff fails to come forward with the required expert testimony to demonstrate the alleged failure to comply with the standard of care, its Motion for Summary Judgment must be granted (Id. citing Georgeoff v. O'Brien, 663 N.E.2d 1348, 1351-52 (Ohio App. 1995).

Plaintiff counters Defendants' argument that the scope of the employment agreement did not include representation pertaining to a VSSR claim by noting that the employment agreement explicitly states: "[i]t is agreed between the parties that the Attorney is to furnish all legal services in presenting the case to the Client . . . in regard to said claim pending before the Industrial Commission of Ohio and the Ohio Bureau of Workers' Compensation" (doc. 20). Plaintiff notes that Defendants' reliance on language in the employment agreement that Mr. Hicks would assist

the Plaintiff only in matters of temporary total disability, permanent total disability, and death benefits is misplaced (doc. 20).

In fact, argues Plaintiff, the only place in the contract that the terms "temporary total, death benefits, or permanent total disability compensation" are used is in conjunction with payment for services (Id.). The contract states:

> In payment for said services, Client agrees to pay thirty-three and one third (33 1/3%) of any accrued benefits recovered by way of compromise, settlement, order of judgment from temporary total, death benefits or permanent total disability compensation . . . No fees shall be charged for obtaining ongoing continuing payment of temporary total compensation, death benefits, or permanent death benefits . . .

(Id.). Plaintiff questions how the employment agreement can be read to limit Mr. Hicks' representation (Id.). Plaintiff notes that Defendants use the words "limited capacity" and "limited" in their Motion for Summary Judgment, but the words "limited" or "limited capacity" never appear in the contract (Id.). Plaintiff insists the language of the employment agreement is not ambiguous as well (Id.).

Plaintiff avers that he was never informed by Mr. Hicks that he had a potential VSSR claim, contrary to Mr. Hicks' assertion in the Defendants' Motion for Summary Judgment (Id.). Mr. Hicks' in his deposition testimony states, ". . . I can't recall specifically that I told him that [he had a VSSR claim] . .

-8-

." (Id.). The Plaintiff maintains, however, that he does remember that Mr. Hicks never discussed a possible VSSR claim (Id.). Plaintiff asserts that he did not learn he had a VSSR claim until he hired another attorney and after the statute of limitations had run on any such VSSR claim (Id.). As such, Plaintiff argues a genuine issue of material fact exists as to whether Mr. Hicks informed Plaintiff of his potential VSSR claim (Id.).

Furthermore, Plaintiff notes that his expert opines that to a reasonable legal probability and certainty, that Mr. Hicks' representation of Plaintiff did fall below the standard of care in his handling of Plaintiff's workers' compensation claim (Id.). Accordingly, the Court is faced with dueling expert testimony concerning Mr. Hicks' representation of Plaintiff and whether said representation fell below the standard of care. Because of this dueling testimony, Plaintiff argues summary judgment in favor of Defendants is not appropriate.

The Court agrees with Plaintiff that Summary Judgment in favor of the Defendants is not appropriate. In reaching this conclusion, the Court first, as requested by the Defendants rules as a matter of law that the employment agreement is not limited in scope as argued by Defendants. The employment agreement clearly states that Mr. Hicks was to furnish all legal services on behalf of Plaintiff in matters pending before the Industrial Commission of Ohio and the Ohio Bureau of Workers'

Compensation.  This includes consideration and representation of a potential VSSR claim.

Defendants have not met their burden of establishing that no genuine issue of material fact exists in this case.  First, Plaintiff has presented evidence sufficient to question whether Mr. Hicks informed Plaintiff that he had a VSSR claim.  Second, experts for each party in this case reach a contrary conclusion as to whether Mr. Hicks deviated from the acceptable standard of care.  These are issues to be resolved by the trier of fact.

Accordingly, the Court DENIES Defendants' Motion for Summary Judgment (doc. 18) and Amended Motion for Summary Judgment (doc. 19).

SO ORDERED.

Dated: June 16, 2005          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge